**Richmond**

REGINALD THOMAS HENDERSON, SR.

v.

COMMONWEALTH OF VIRGINIA

No. 1616-85

Decided October 6, 1987

COUNSEL

Raymond J. Sinnott, III (Sinnott and Nuckols, on brief), for appellant.

W. Mark Dunn, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.** — This appeal challenges the admissibility of evidence of an accused's participation in two robberies for which he was not on trial to prove that he committed two other robberies for which he was being tried. The manner of committing these robberies was not sufficiently unusual or distinctive to prove that, since the accused committed the two robberies for which he was not on trial, he also committed the robberies for which he was being tried. We, therefore, conclude that evidence of the accused's

participation in the robberies for which he was not on trial was not admissible and his convictions should be reversed.

The defendant was tried for robberies of two 7-Eleven stores in Hanover County. One occurred at 4:40 a.m. on April 26, 1985; the other occurred around 3:30 a.m. on May 27, 1985. In the first robbery, a person entered the store and, while starting to put cigarettes in a burlap sack, told the clerk, "I'm robbing you, but if you stand still and don't move, I will not hurt you, but I have a gun and I will shoot you if you move towards the phone." In the second robbery, the robber told the clerk, "This is a robbery. I want you to lay face-first on the floor, but before you do it open your register." He then took bills out of the register and put cartons of cigarettes into a green plastic trashbag.

Evidence of two other robberies, both of which the accused had confessed to committing, was also admitted even though the accused was not being tried for those offenses. Both involved 7-Eleven stores in Chesterfield County. One occurred about 5:00 a.m. on June 15, 1985 and the other about 3:30 a.m. on June 25, 1985. During the first of these robberies, the accused admitted that he drove another person to the store and held the door open while cartons of cigarettes were taken and placed in plastic bags. During the second robbery, the accused went into the store by himself, took cartons of cigarettes and placed them in a plastic trashbag.

■ Generally, evidence that an accused has committed other criminal acts is not admissible, even if the criminal act is the same as that charged, if the only purpose of the evidence is to prove that the accused probably committed the crime charged. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). Evidence of other crimes "confuses one offense with the other, unfairly surprises the defendant with a charge he is unprepared to meet, and, by showing that the accused has a criminal propensity, tends to reverse his presumption of innocence of the crime on trial." *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983); *see Johnson v. Commonwealth*, 3 Va. App. 444, 448, 350 S.E.2d 673, 675 (1986).

There are, however, numerous exceptions to this rule. *Sutphin*, 1 Va. App. at 245, 337 S.E.2d at 899. The Commonwealth asserts

that two of these exceptions, to show a common scheme or plan or, alternatively, to prove the identity of the person who committed the crime, justify the admissibility of the two unrelated robberies in this case.

■ Applicability of either of these exceptions depends upon the purpose for which the evidence of other crimes was offered. Evidence of other crimes is admissible if it tends to prove any relevant fact of the offense charged, other than "the character of the accused or his disposition to commit an offense similar to that charged." *Williams v. Commonwealth*, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962) (quoting *Day v. Commonwealth*, 196 Va. 907, 914, 86 S.E.2d 23, 26 (1955)); *see also Curtis v. Commonwealth*, 3 Va. App. 636, 638, 352 S.E.2d 536, 537 (1987); C. Friend, *Law of Evidence in Virginia* § 152 (2d ed. 1983); 2 J. Wigmore, *Evidence* § 300 *et seq.* (Chadbourn Rev. 1979).

■ The common scheme exception, applicable where "the other crime or crimes constitute a part of a general scheme of which a crime charged is part," is "appropriate where a prior criminal act or acts tend to show a system or uniform plan from which *motive, criminal intent or knowledge* may be inferred." *Sutphin*, 1 Va. App. at 246, 337 S.E.2d at 899 (emphasis added). Allowing evidence of other crimes to show motive, intent or knowledge recognizes that the more often a person commits a similar incident with similar results, the more likely it is that the result was intended. 2 Wigmore, *supra,* § 302.

■ The admissibility of other crimes to prove identity is based on a different principle. Underlying this exception is the probability that a person who performs one act is the person who also performed another distinctively similar act. 2 J. Wigmore, *supra,* § 304. For this probability to exist the criminal acts must be "so distinctive as to indicate a *modus operandi.*" *Johnson v. Commonwealth*, 3 Va. App. at 448, 350 S.E.2d at 675. Mere similarity standing alone is not enough. 2 Wigmore, *supra,* § 304. "Generally, the device used to commit the crime, or the manner in which the crime was committed, must be so unusual and distinctive as to act as a signature." *Sutphin*, 1 Va. App. at 247, 337 S.E.2d at 900. The crimes must reflect a *modus operandi* that is so distinctive that it identifies the accused as the person who committed both offenses. *Id.*

Hypothetically altering the facts of this case demonstrates how evidence of other crimes to prove intent differs from evidence of other crimes to prove identity. If the offense had been shoplifting, and the defendant admitted leaving the store with cigarettes in a green plastic bag but argued that it was caused by his inadvertent failure to pay for them, then evidence that he had taken cigarettes from other stores in a similar manner on previous occasions would be admissible to show that he intended to steal them. However, if his identity rather than his intent were at issue, evidence of a prior similar act would be irrelevant. Evidence that he had stolen cigarettes in a green plastic bag from a store on one occasion would not tend to show that he was the same person who committed a similar act in another store on another occasion.

Even if evidence of another crime is offered ostensibly to prove intent, it is still not admissible if the real issue is identity or commission of the act itself. In *Donahue v. Commonwealth*, 225 Va. 145, 154-56, 300 S.E.2d 768, 774 (1983), evidence that the defendant had been observed with PCP and, upon arrest, had confessed to selling it, was inadmissible in a trial of a later offense for possession of PCP with intent to distribute where the issue was whether the defendant had constructive possession of the drug, even though the trial court had instructed the jury that it was admissible only on the question of intent. *See also Bourgeois v. Commonwealth*, 217 Va. 268, 273, 227 S.E.2d 714, 718 (1976); *Boyd v. Commonwealth*, 213 Va. 52, 53, 189 S.E.2d 359, 359 (1972); *Walker v. Commonwealth*, 28 Va. (1 Leigh) 630-33 (1829).

The exception based on a common scheme, admissible to show motive, intent or knowledge, is not applicable in this case since the accused's motive, intent or knowledge were not at issue. Evidence of the later robberies was offered solely to prove that the accused was the person who committed the earlier robberies. Therefore, evidence of the later robberies must reveal a distinctive *modus operandi* to be admissible.

Although the later two robberies were similar to those with which the accused was charged, the manner in which they were committed was not so unusual or distinctive as to label each with the name of the same perpetrator. All of the offenses were robberies of 7-Eleven stores, and all occurred in the early morning hours. Two occurred in Hanover County and two in Chesterfield County.

In each of the offenses cigarettes were taken. None of these facts, standing alone, or in combination with each other, are so distinctive as to place the defendant's "signature" on all four crimes.

The use of a plastic bag on three occasions and a burlap bag on one occasion is not sufficient to create a distinctive *modus operandi*. Our society is now littered with bags of this type. They are available in any grocery or convenience store. Their character or use is not so distinctive that they inevitably identify this accused as the perpetrator of the crimes charged as opposed to his alleged co-defendant or any other person who may have committed the same type of crime.

The Commonwealth also argues that, if the evidence of the other two robberies was inadmissible, its admission was harmless because of the overwhelming evidence of the defendant's guilt. We disagree. The evidence of the defendant's guilt was not overwhelming and the evidence of the other two robberies, although inadmissible, was offered to resolve the only factual issue in the case.

Evidence of the defendant's guilt was contradicted. Only one person at each of the two robberies identified the accused as the person who committed each of the robberies. The accused rebutted the testimony of these two witnesses, who had described him as having a mustache on one occasion and a beard on the other, with evidence that he did not have facial hair at the time of the robberies. Five witnesses who were acquainted with the accused testified that during the time period when these robberies took place the accused had neither a beard nor a mustache.

The only factual question at trial was the identity of the person who committed the robberies. The reason assigned by the Commonwealth for the admissibility of the evidence of the other crimes was to prove that the defendant was the one who committed them. Therefore, if the jury gave the evidence of other crimes the same weight that the Commonwealth sought to assign to it, the evidence was prejudicial and we are unable to conclude that it was harmless beyond a reasonable doubt. *See Bunting v. Commonwealth*, 208 Va. 309, 314-15, 157 S.E.2d 204, 208 (1967); *Johnson*, 3 Va. App. at 450-51, 350 S.E.2d at 676.

For these reasons we conclude that evidence of the other crimes was not admissible to show that the accused was the person who committed the robberies for which he was being tried, and that the evidence was not harmless beyond a reasonable doubt. Therefore, the judgments of conviction are reversed and the proceedings are remanded for a new trial.

*Reversed and remanded.*

Cole, J., and Duff, J., concurred.