**Richmond**

WILLIAM L. COPELAND

v.

COMMONWEALTH OF VIRGINIA

No. 1213-90-2

Decided December 24, 1991

Counsel

Edward B. Lowry (Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BENTON, J.**—William L. Copeland appeals from a conviction for fraudulent use of a credit card, in violation of Code § 18.2-192. During the trial, the judge allowed testimony related to a prior criminal offense of which Copeland was acquitted. Copeland claims the admission of that testimony was error because (1) it was barred under the doctrine of collateral estoppel, and (2) it was inadmissible evidence used to prove Copeland's identity as the perpetrator. We agree that the evidence was inadmissible and reverse the conviction.

I.

Using a credit card bearing the name Anna Craig, a man purchased a video recorder from a store in Albemarle County, on December 31, 1988. The purchaser represented himself as Craig's husband and asked the sales clerk to verify this credit card. The verification revealed that sufficient credit was available for the purchase and that the card had not been reported stolen. The man signed the credit voucher using the name Lee Craig and gave 4713 Bay Street, Culpeper, Virginia, 22546 as his address. In

keeping with company policy, the sales clerk did not ask for any other identification. Copeland was arrested two months later and tried for fraudulent use of a credit card in violation of Code § 18.2-192. Copeland's trial on this charge ended in a mistrial because the jury was unable to agree on a verdict.

At Copeland's second trial, Anna Craig testified that she did not authorize anyone to purchase a video recorder with her credit card on December 31, 1988. She stated that she did not live at 4713 Bay Street, Culpeper, Virginia and that her husband's name is Clarence Robert Craig. She was not aware that her credit card was missing until she received a telephone call from the owners of a food store in Nelson County on January 1, 1989, informing her that someone claiming to be her husband had been using her credit card.

A police officer testified that after Copeland's arrest he obtained a handwriting exemplar. Upon examination of Copeland's handwriting, a handwriting expert concluded that the same person wrote the handwriting exemplar and the signature on the sales slip from the Albemarle store. The clerk of that store identified Copeland as the purchaser who signed the sales slip.

Over Copeland's objection, the Commonwealth called as a witness another store clerk who testified that Copeland also used Craig's credit card at a food store in Nelson County on December 31, 1988. The clerk testified that Copeland used the credit card in question to purchase two quarts of oil, one six-pack of beer, and four cartons of cigarettes from the Nelson County store.

At the conclusion of the evidence, the jury convicted Copeland and recommended a jail term of twelve months.

## II.

On the morning of trial, Copeland filed a motion *in limine* in the circuit court asserting that the Commonwealth was estopped from introducing evidence of the Nelson County incident because Copeland had been tried and acquitted in Nelson County of that offense. The trial judge ruled that the Commonwealth could introduce the evidence from the Nelson County crime "to show modus operandi common plan or scheme" if it could establish that similar means were used and similar activities were pursued within a reasonably short period of time.

■ Under the doctrine of collateral estoppel, when an ultimate issue of fact has been litigated and determined by a valid, final judgment, the issue cannot be litigated again by the same litigants in a future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). Since juries in Virginia criminal trials ordinarily do not make specific findings, the trial judge must:

> "examine the record of the prior proceeding, take into account the pleadings, evidence, charges, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

*Rogers v. Commonwealth*, 5 Va. App. 337, 341, 362 S.E.2d 752, 755 (1987)(quoting *Ashe*, 397 U.S. at 444). The record in this trial is devoid of any explanation of Copeland's acquittal or any indication that the trial judge examined the record of the Nelson County proceedings. The fact that Copeland was acquitted, standing alone, does not permit a conclusion with respect to whether the jury or trial judge in the earlier Nelson County trial rejected the Commonwealth's evidence that Copeland was the man who fraudulently used the card.

Copeland bore the burden of showing that the issue in question had been fully and finally litigated. *See Rhodes v. Commonwealth*, 223 Va. 743, 749, 292 S.E.2d 373, 376 (1982). The record reflects, however, that Copeland represented to the trial judge that the Nelson County clerk had not testified at the first trial of the Albemarle County offense at which a mistrial occurred and that his presence at the second trial was a surprise. Copeland argued that the evidence of the "other crime" in Nelson County was inadmissible in the Albemarle County trial because it was barred under the doctrine of collateral estoppel. Copeland also argued that the Commonwealth wove the Nelson County offense into its theory of the case and used the evidence of this offense to bolster the Albemarle County case against him. Nonetheless, Copeland's motion for a continuance to investigate the circumstance of the trial of the Nelson County offense was denied.

■ We conclude that the trial judge erred in denying Copeland the opportunity to obtain and present evidence that would have allowed the trial judge to determine whether Copeland's acquittal foreclosed the use of the Commonwealth's evidence. The trial

judge may "not exercise . . . discretion [whether to grant a continuance] in a manner which would deny an accused a fair and impartial trial or deprive him of his constitutional right 'to call for evidence in his favor.' " *Lomax v. Commonwealth*, 228 Va. 168, 172, 319 S.E.2d 763, 765 (1984)(quoting Va. Const. art. I, § 8). The refusal to grant the requested continuance placed Copeland in the position of being unable to provide a record upon which the trial judge could make a sound ruling on his collateral estoppel objection. This procedural error is overshadowed, however, by a more dispositive error.

## III.

Although the record on appeal does not contain the record of the Nelson County proceeding, the record before us mandates a reversal of Copeland's conviction and a remand for a new trial. We agree with Copeland's argument that the evidence of Copeland's alleged "other crime" was probative of neither a common scheme nor Copeland's identity.

■ As a general rule, evidence of other crimes is inadmissible. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

> Evidence of other independent acts of an accused is inadmissible if relevant only to show a probability that the accused committed the crime for which he is on trial because he is a person of bad or criminal character. Likewise, evidence of other criminal acts by an accused is not admissible, even though it is of the same nature as the one charged, if the only purpose is to show that the crime charged was also probably committed by the accused. The policy underlying the exclusion of such evidence protects the accused against unfair prejudice resulting from the consideration of prior criminal conduct in determining guilt.

> There are numerous exceptions to the general rule excluding evidence of other offenses. To be admissible, evidence of other offenses must be relevant to an issue or element in the present case.

*Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985)(citations omitted). An exception is recognized when-

ever the accused's criminal acts show a common scheme or "system or uniform plan from which motive, criminal intent, or knowledge may be inferred." *Id.* at 246, 337 S.E.2d at 899. However, this exception does not apply under the circumstances of this case.

In *Day v. Commonwealth*, 196 Va. 907, 86 S.E.2d 23 (1955), the Supreme Court disallowed evidence that a defendant accused of attempted rape had chased another woman down a street earlier in the evening of the attempted rape. *Id.* at 915, 86 S.E.2d at 27. The Court held that the prior incident was insufficient to show the accused's inclination to molest women as part of a common plan or scheme, and failed to prove any intimately connected element of the crime, such as the accused's presence in the vicinity. *Id.* In discussing the common scheme or plan exception, the Court stated:

[I]t frequently happens "that as the evidence of circumstances must be resorted to for the purpose of proving the commission of the particular offense charged, the proof of those circumstances involves the proof of other acts, either criminal or apparently innocent. In such cases, it is proper, that the chain of evidence should be unbroken. If one or more links of that chain consist of circumstances, which tend to prove that the prisoner has been guilty of other crimes than that charged, this is no reason why the court should exclude those circumstances. They are so intimately connected and blended with the main facts adduced in evidence, that they cannot be departed from with propriety; and there is no reason why the criminality of such intimate and connected circumstances, should exclude them, more than other facts apparently innocent. . . . But if the circumstances have no intimate connection with the main fact; if they constitute no link in the chain of evidence; then, supposing them innocent, their admission, to be sure, may do no harm, yet they ought to be excluded, because they are irrelevant; but if they denote other guilt, they are not only irrelevant, but they do injury, because they have a tendency to prejudice the minds of the jury; and for this additional reason they ought to be excluded."

*Id.* at 912-13, 86 S.E.2d at 25-26 (quoting *Walker v. Commonwealth*, 28 Va. (1 Leigh) 628, 631-32 (1829)).

In *Rider v. Commonwealth*, 8 Va. App. 595, 383 S.E.2d 25 (1989), we rejected the Commonwealth's argument that drug sales made March 1, 1987, and March 7, 1987, were part of a common scheme or plan. The trial judge had ruled that evidence of those sales was admissible in connection with the April 4, 1987 sale for which Rider was standing trial. Even though the inadmissible drug sale involved the same buyer and seller, we found that "the April 4th sale constituted a separate and distinct offense and was in no way related to the March 1 and 7 sales." *Id.* at 599, 383 S.E.2d at 27.

Similarly, the Commonwealth's introduction of the "other crime" evidence as indicative of a common scheme or plan in the case at hand is error. The evidence does nothing to establish the existence of a common plan or scheme demonstrating Copeland's motive, intent, or knowledge in committing the crime for which he was convicted in Albemarle County. While the criminal action in Nelson County occurred on the same day, with the same card as the criminal offense which is the focus of this case, the events remain distinct and unrelated and, therefore, inadmissible for this purpose. In fact, the evidence appears to have been offered solely to prove that Copeland committed both offenses. *See Henderson v. Commonwealth*, 5 Va. App. 125, 129, 360 S.E.2d 876, 879 (1987).

■ The perpetrator's behavior in the two alleged incidents, however, was not sufficiently patterned to permit the evidence of the "other crime" to be offered in the Albemarle County trial on the basis of establishing identity. Identity may only be proven with the evidence of other crimes where those other crimes bear "a singular strong resemblance to the pattern of the offense charged." *Spencer v. Commonwealth*, 240 Va. 78, 90, 393 S.E.2d 609, 616, *cert. denied*, 111 S. Ct. 281 (1990). The facts in each case must be analyzed to determine whether the manner in which the acts were committed have such "a singular strong resemblance" as to identify a common perpetrator. In both instances, Craig's card was used and the man using the card claimed to be the husband of the card owner. These circumstances do not establish a "singular strong resemblance" necessary to constitute admissible evidence of a modus operandi. In the Albemarle County incident, the perpetrator volunteered to the clerk that the card belonged to his wife and asked the clerk to validate the card. In the

Nelson County incident the clerk asked the perpetrator if the card was his and was told that the card belonged to his wife. The clerk called to validate the card on his own initiative. These facts do not constitute uncommon behavior. *See Henderson,* 5 Va. App. at 130, 360 S.E.2d at 879 (placing stolen cigarettes in a bag when robbing convenience stores did not constitute behavior uncommon enough to be admissible as evidence of a modus operandi).

Accordingly, we hold that the evidence of Copeland's alleged "other crimes" evidence was inadmissible for the purposes offered. We reverse the judgment and remand the proceedings for a new trial.

*Reversed and remanded.*

Koontz, C.J., and Duff, J., concurred.