## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Joseph Teganini

Case No. (Criminal) M001779

BY JUDGE DAVID T. STITT

August 25, 1995

This matter came before the Court on July 14, 1995, for hearing on Defendant's Motion to Dismiss the charge of DWI on the grounds of Double Jeopardy and Collateral Estoppel. After hearing argument of counsel, the Court took the matter under advisement.

The Court has reviewed the memoranda of counsel and the authorities cited therein, as well as the letter opinions of Judge Stanley P. Klein in *Commonwealth v. Dederer*, Criminal No. M001408 (July 6, 1995), and Judge Michael P. McWeeny in *Commonwealth v. House*, Criminal No. M001103, and *Commonwealth v. Joy*, Criminal No. M001288 (June 28, 1995). Finding no basis for distinguishing this case from *Dederer* and *House/Joy*, for the reasons stated in those opinions, the Motion to Dismiss will be denied.

November 8, 1995

This matter is before the Court on the Defendant's Motion to Reconsider the Court's ruling of August 25, 1995. The Court heard argument of counsel on October 6, 1995, and took the matter under advisement. Defendant Joseph Teganini claims that Double Jeopardy and Collateral Estoppel bar the Commonwealth from prosecuting Teganini for Driving Under the Influence ("DUI") in violation of Va. Code § 18.2-266 (Supp.

1995). The Court has fully considered the memoranda of counsel and the authorities cited therein. For the reasons stated below, the Motion to Reconsider is denied.

## I. *Collateral Estoppel*

Teganini's primary contention is that the Court, prior to issuing its ruling of August 25, 1995, failed to consider the Collateral Estoppel argument advanced in Teganini's Motion to Dismiss. Teganini contends that the finding of the General District Court ("GDC") of no probable cause on the motion to review the Administrative License Suspension ("ALS") collaterally estops the Commonwealth from prosecuting Teganini for DUI.

The doctrine of Collateral Estoppel provides that once an ultimate issue of fact has been litigated and determined by a final judgment, that issue cannot be relitigated subsequently by identical litigants. *Ashe v. Swenson*, 397 U.S. 436 (1970); *Copeland v. Commonwealth*, 13 Va. App. 450, 412 S.E.2d 468 (1991). For collateral estoppel to apply, a necessary element in the second trial must have been adjudicated in the first trial. *Simon v. Commonwealth*, 220 Va. 412, 258 S.E.2d 567 (1979).

Collateral Estoppel is inapplicable here because this Court previously held that the ALS hearing is part of the same proceeding as the DUI trial (*see* the Court's letter opinion of August 25, 1995, citing the letter opinion of Judge Stanley P. Klein in *Commonwealth v. Dederer*, Criminal No. M001408 (July 6, 1995)). The ALS hearing is just one step in a larger DUI prosecution. Specifically, Va. Code §§ 46.2-391 and 18.2-266 illustrate that: (1) both the ALS and the DUI prosecution stem from a single arrest made pursuant to a single warrant; (2) no complaint or information is filed separately from the criminal indictment; (3) no hearing involving a Defendant occurs unless a Defendant requests a review of the suspension by the GDC; and (4) if the DUI charge is dismissed or if the Defendant is acquitted, the ALS is rescinded.

In his Motion to Dismiss, Teganini argues that the GDC already has issued a "valid and final" order determining that no probable cause existed for Defendant's arrest and that Collateral Estoppel accordingly prohibits relitigation of this issue. However, as noted by the Commonwealth in its opposition to the motion, "a [f]inal judgment is one pronounced at the *end* of trial and is not an intermediate ruling of the trial court made as incident [to] trial." *See Sturgill v. Commonwealth*, 175 Va. 584, 7 S.E.2d 141 (1940) (emphasis added). As the Court has ruled that the ALS and DUI prosecution are part of a single coordinated proceeding, an "interme-

diate" finding by the GDC of no probable cause would not preclude re-litigation of probable cause at the DUI prosecution. Accordingly, Teganini's Motion to Reconsider on grounds of Collateral Estoppel is denied.

## II. *Double Jeopardy*

Teganini also contends that the Court erroneously ruled that the Double Jeopardy Clause does not constitute a bar to the DUI prosecution under § 18.2-266. *Tench v. Commonwealth*, 21 Va. App. 195, 462 S.E.2d 922 (1995), has resolved that issue. The Court of Appeals held in *Tench*: (1) that an ALS proceeding under § 46.2-391 serves a remedial purpose and does not constitute punishment within the meaning of the Double Jeopardy Clause; and (2) that a subsequent DUI prosecution under § 18.2-266 does not violate the Double Jeopardy Clause. Accordingly, Teganini's Motion to Reconsider on grounds of Double Jeopardy is denied.

The Motion to Reconsider is denied, and an order to that effect will be entered by the Court.