# CIRCUIT COURT OF FAIRFAX COUNTY

Town of Herndon

v.

Randy Eick

March 5, 1999

Case No. (Criminal) M10061

BY JUDGE JONATHAN C. THACHER

This matter comes before the Court on Defendant's Motion to Vacate Conviction. For the reasons discussed herein, the Defendant's motion is denied.

*Factual Background*

On December 17, 1997, Randy Eick pleaded guilty to the offense of driving on a suspended license. Based upon this plea, the Fairfax County General District Court, sitting in the Town of Herndon, convicted the defendant. Subsequently, Defendant appealed the conviction, which appeal he later withdrew. Accordingly, this Court affirmed the General District Court's conviction by Final Order entered on February 17, 1998.

The Department of Motor Vehicles (DMV) relied on this conviction as one of the predicate convictions necessary to declare the defendant an habitual offender. Defendant petitioned this Court to vacate the DMV's determination, arguing that this conviction is void because the Town of Herndon lacked the authority to prosecute misdemeanors cited under the Code of Virginia. Defendant argued that despite the power to prosecute conferred by the Town of Herndon Charter, Herndon lacked such power without the concurrence of the Commonwealth's Attorney. This Court denied Defendant's Petition to Vacate DMV Habitual Offender determination by Final Order entered on December 4, 1998. Defendant filed a Motion to Reconsider which was also denied by this Court on January 22, 1999.

On February 12, 1999, Defendant filed his current motion in which he seeks to vacate as void the December 17, 1997, conviction.

*Analysis*

A. *This Court's Final Order of February 17, 1998*

"[A]ny person convicted in a general district court ... of an offense not felonious may, at any time before the appeal is heard, withdraw an appeal which has been noted, pay the fine and cost to such court, and serve any sentence which has been imposed." Va. Code § 16.1-133 (1998). The defendant in this case appealed a conviction from the General District Court, which appeal he later withdrew. Accordingly, this Court affirmed the General District Court's conviction by Final Order entered on February 17, 1998. Hence, his conviction is by Final Order of this Court, rather than the General District Court.

B. *Herndon's Power to Prosecute*

Statutes addressing the same subject are to be read *in pari materia*, the rule of statutory construction that requires statutes relating to the same subject matter be read, construed, and applied together. *Alger v. Commonwealth*, 19 Va. App. 252, 256 (1994) (citations omitted). See also, *Moreno v. Moreno*, 24 Va. App. 190, 198 (1997). Therefore, Code § 15.1-9.1:3 must be applied together with the Dillon Rule of strict construction.[1]

Code § 15.1-9.1:3 provides that "town attorneys, if so authorized by their local governing bodies, and with the concurrence of the attorney for the Commonwealth for the locality, may prosecute criminal cases charging either the violation of city or town ordinances, or the commission of misdemeanors within the city or town, notwithstanding the provisions of § 15.1-8.1." The Rule "provides that local governing bodies have only those powers that are expressly granted, those that are necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable." *Tabler v. Fairfax County*, 221 Va. 200, 202 (1980) (citations omitted) (cited in *City of Chesapeake v. Gardner Enterprises*, 253 Va. 243, 246 (1997)).

The two requirements of § 15.1-9.1:3 must be construed with the standard set forth in Dillon's Rule. The local governing body expressly granted to the

---

[1] This section came into effect on July 1, 1995, and was in effect on the date of the offense, October 22, 1997. The section was repealed, effective December 1, 1997, by Acts 1997, c. 587. Successor provision: § 15.2-1542.

town attorney the prosecutorial power, by way of the Charter.[2] Although the concurrence of the Commonwealth's Attorney was never expressly obtained, it can be fairly implied by the Commonwealth's ratification of the Charter, which expressly grants to the town attorney the power to prosecute the case in issue. As both requirements of Code § 15.1-9.1:3 are met, the Town had proper jurisdiction to prosecute this misdemeanor, and the conviction is not void.

## C. *Collateral Estoppel*

"Under the doctrine of collateral estoppel, when an ultimate issue of fact has been litigated and determined by a valid, final judgment, the issue cannot be litigated again by the same litigants in a future lawsuit." *Copeland v. Commonwealth*, 13 Va. App. 450, 453 (citing *Ashe v. Swenson*, 397 U.S. 435 (1970)[3]). The issue of Herndon's authority to prosecute was previously raised by Defendant and rejected twice by this Court in its Final Orders of December 4, 1998, and January 22, 1999.

Defendant attempts to distinguish between the Commonwealth of Virginia, as a party to the previous Petition, and the Town of Herndon, the respondent in this current matter. A separate distinction cannot be created by merely referring to "another so identified in interest with such person that he represent the same legal right." *Highsmith v. Commonwealth*, 25 Va. App. 434, 439 (1997). The distinction fails and the doctrine of collateral estoppel applies as this issue has previously been litigated and decided on its merits.

### *Conclusion*

For the reasons discussed above, Defendant's Motion to Vacate Judgment is denied.

---

[2] See Chapter 6.1 of the Charter. The Town of Vienna Charter is distinguishable as it does not contain these provisions.

[3] This case also established the applicability of collateral estoppel in criminal cases.