COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Huff and Malveaux
Argued at Alexandria, Virginia


KENNETH E. WINGFIELD, III

                                        MEMORANDUM OPINION* BY
v.        Record No. 0892-21-4            JUDGE RANDOLPH A. BEALES
                                              JULY 12, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Bruce Strickland, Judge

Lauren Whitley (Office of the Public Defender, on briefs), for
appellant.

Leah A. Darron, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Kenneth E. Wingfield, III appeals an order of the Circuit Court of Stafford County

convicting him of grand larceny, larceny with intent to sell, and petit larceny, third or subsequent

offense.  On appeal, Wingfield challenges both the trial court's denial of his motion *in limine* and

the trial court's decision to strike a prospective juror for cause.  In addition, Wingfield asserts that

the trial court "erred in finding the evidence sufficient to prove the identity of Mr. Wingfield as

the perpetrator of these offenses as a matter of law."  Furthermore, he contends that the trial

court "erred in finding the evidence sufficient to prove that Mr. Wingfield possessed an intent to

sell related to the thefts on December 7, 2018 as a matter of law."

I.  BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, [as] the prevailing party at trial."  *Gerald v.*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). A jury in Stafford County convicted Wingfield of grand larceny and grand larceny with intent to sell in connection with the theft of cell phones from an AT&T store in Stafford County on December 7, 2018. That same jury also convicted Wingfield of petit larceny, third or subsequent offense, which arose out of a separate incident on March 5, 2019, involving the theft of cell phones from a Verizon store also located in Stafford County.

Before trial, Wingfield filed a motion *in limine* to exclude any evidence of similar crimes or charges from three other jurisdictions in Virginia: Warren County, Henrico County, and Spotsylvania County. At a pre-trial hearing on the motion *in limine*, the Commonwealth stated that it would seek to introduce into evidence at Wingfield's trial that he was convicted in Spotsylvania County of a similar crime that occurred only minutes after the March 5, 2019 Stafford offense. The Commonwealth explained that, at both locations in Stafford and Spotsylvania on the very same day, the "[d]efendant and his accomplices walked into a cell phone store, grabbed display items, ripped them off any security apparatus, and ran out of the store" while "wearing the same clothing" for both offenses.

The trial court granted the motion *in limine* for "the unadjudicated bad acts in Warren County and in Henrico County." However, the trial court denied the motion *in limine* seeking to prevent the introduction of evidence from the theft of the cell phones at the AT&T store in Spotsylvania County, stating that the evidence of the Spotsylvania crime "may be introduced" because the Commonwealth met its burden to identify a "common scheme or plan with regard to the Spotsylvania case."

During *voir dire* of the jury pool prior to the start of Wingfield's trial, the Commonwealth asked prospective jurors, "And has anyone here themselves or a family member, close friend, had a bad experience with law enforcement?" Several potential jurors raised their hands,

- 2 -

including Juror 19. At the end of the *voir dire*, the Commonwealth moved to strike Juror 19 for cause, alleging that she could not be fair and impartial. The trial judge stated, "I wrote down, quote, that she could not be fair and impartial. You asked her that question pointblank, so . . . she will be struck for cause." Wingfield's counsel did not object to striking Juror 19 for cause. Once the jury was impaneled, the trial judge asked, "All right. Does either counsel have any objection to the selected panel?" Wingfield's counsel replied, "No, sir, not from the defense."

During Wingfield's jury trial, the Commonwealth first introduced evidence about the December 7, 2018 incident, for which Wingfield was charged with grand larceny and grand larceny with intent to sell. The Commonwealth called Byron Johnson as a witness. On that day, Johnson had worked at the AT&T store located at 28 South Gateway Drive in Stafford County. Johnson testified that, on December 7, 2018, two men entered the store and Johnson started asking the two men questions about purchasing cell phones. Johnson added, "And then they went to the front of the store afterwards and I turned my back. I was on my phone at the time. And then all of a sudden I heard a noise, saw them running out the door, and then the mounts were on the ground and the phones were gone." Johnson testified that five cell phones collectively valued at about $3,800 were taken. Johnson identified Wingfield in court as one of the two perpetrators. Johnson explained that, as someone "pretty good with faces," he recognized that Wingfield "has the same facial features and the same facial structure as the individual in the pictures." Although he testified that Wingfield's hairstyle had since changed, Johnson recalled, "His eyes are the same; his nose is the same; everything about him is the same." The Commonwealth also introduced into evidence photos taken that day from the security video at the store for the jury to view.

The Commonwealth then introduced evidence relating to the March 5, 2019 incident, for which Wingfield was charged with petit larceny, third or subsequent offense. The Commonwealth

called Tyrik Jenkins as a witness. On March 5, 2019, Jenkins worked as the store manager of a Verizon store located at 15 South Gateway Drive in Stafford County. Jenkins testified that, on that evening around 7:30 p.m., "three people walked in" to the store and he saw "like two guys just like breaking off the demos and running out. And then the last guy who was closer to me broke the demo in front of me and then ran off." Jenkins recalled that four cell phones were taken. The Commonwealth also introduced into evidence photos taken from the store's security camera of the incident for the jury to view.

The Commonwealth then called as a witness Deputy Gordon of the Stafford County Sheriff's Office, who responded to the March 5, 2019 incident at the Stafford store. He testified that the Stafford Verizon store on 15 South Gateway Drive was "about fifteen minutes" away from another store located at 9909 Southpoint Parkway in Spotsylvania County. The Commonwealth's next witness was Bethany Sanders, who worked at that Spotsylvania County AT&T store located at 9909 Southpoint Parkway on March 5, 2019. She testified that "[t]hree gentlemen walked in the store around – approximately around 7:50 that evening." She stated that the three men were just "kind of scoping around" the store and "then they were kind of looking at the alarms on the phones, and then just randomly they all started pulling the devices off the displays pretty aggressively." She testified that the men "basically grabbed as many phones as they could." Sanders testified that the perpetrators broke the store's front door as they ran out of the store. Sanders then identified Wingfield in court as one of the perpetrators that she saw in the store that day. The Commonwealth also introduced into evidence photos from the Spotsylvania larceny and showed surveillance videos of that incident for the jury to view.

Wingfield testified on his own behalf. He stated that he lived in Newport News, that "I never been up here," and that he did not commit these crimes. He also testified that he never had "red dreads" before, but he had plaits that were "darkish brown auburn." He acknowledged that

he had been previously convicted three times for stealing. After Wingfield's counsel and the Commonwealth finished questioning him, Wingfield then stated, "There's a – like a spree of charges." The trial judge interjected, "Hang on. Mr. Wingfield, you recall we had some pretrial motions about this case and I made some rulings about those cases. Do you remember that?" Wingfield replied, "Yeah, but I'm trying to tell them the truth. I'm trying to let them know." The trial judge replied, "Mr. Mell [Wingfield's trial counsel], your client, it was your motion that I granted in limine, so . . .[.]" Wingfield's counsel replied to the trial court and to his client Wingfield, "All right. Go ahead." Wingfield then testified that he had charges against him in Henrico County and Warren County that were ultimately dropped. Wingfield also mentioned a "presentence report for Spotsylvania when I was falsely found guilty for this."

The jury convicted Wingfield of grand larceny and larceny with intent to sell for the December 7, 2018 incident. He was also convicted for petit larceny, third or subsequent offense, for the March 5, 2019 incident. Wingfield now appeals to this Court.

## II. ANALYSIS

### A. Motion *in Limine*

For his first assignment of error, Wingfield contends, "The trial court erred by denying Mr. Wingfield's Motion in Limine." Wingfield asserts in his brief to this Court that "the subsequent criminal offense, and conviction, in Spotsylvania County was not properly offered for Mr. Wingfield's motive, criminal intent or knowledge to establish a common scheme or plan, but was only actually only offered to establish his identity." Wingfield contends that "the evidence in the Spotsylvania offense, and the Stafford offense, were not distinctive. They simply established the theft of display cell phones, which were all taken by removing the phones from their display security devices. Nothing about this was so unique as to link all of these offenses."

"[W]e review a trial court's decision to admit or exclude evidence using an abuse of discretion standard and, on appeal, will not disturb a trial court's decision to admit evidence absent a finding of abuse of that discretion." *Norfolk & Portsmouth Belt Line R.R. Co. v. Wilson*, 276 Va. 739, 743 (2008). "In evaluating whether a trial court abused its discretion, . . . 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Beck v. Commonwealth*, 253 Va. 373, 385 (1997)).

While "[e]vidence that shows or tends to show a defendant has committed a prior crime generally is inadmissible to prove the crime charged," "[t]here are several exceptions to the general rule excluding this type of evidence." *Guill v. Commonwealth*, 255 Va. 134, 138 (1998). For example, the Supreme Court has determined that "evidence of other crimes also is allowed if relevant to show the perpetrator's identity when some aspects of the prior crime are so distinctive or idiosyncratic that the fact finder reasonably could infer that the same person committed both crimes." *Id.* at 138-39 (citing *Spencer v. Commonwealth*, 240 Va. 78, 90 (1990)). "To be admissible, other crimes need not be 'virtual carbon copies' of the crime on trial." *Angel v. Commonwealth*, 281 Va. 248, 267 (2011) (quoting *Spencer*, 240 Va. at 90). Indeed, admission of the prior criminal act is "appropriate where a prior criminal act or acts tend to show a system or uniform plan from which *motive, criminal intent or knowledge* may be inferred." *Henderson v. Commonwealth*, 5 Va. App. 125, 128 (1987) (quoting *Sutphin v. Commonwealth*, 1 Va. App. 241, 246 (1985)). As the Supreme Court has stated, "Whenever the legitimate probative value outweighs the incidental prejudice to the accused, evidence of prior offenses, if otherwise competent, is admissible." *Lewis v. Commonwealth*, 225 Va. 497, 502 (1983).

Here, the trial court found that the Commonwealth met its burden to identify a "common scheme or plan with regard to the Spotsylvania case." The record shows that, on March 5, 2019,

the Stafford crime and the Spotsylvania crime occurred within about twenty minutes of one another on the same evening with the same purpose of stealing cell phones at both locations. Both crimes involved three individuals wearing the same clothes and having the same *modus operandi* of going into the store, grabbing as many cell phones from the display case as quickly as possible, and fleeing the store immediately after ripping the cell phones from their displays. It is quite clear that the crimes bear a sufficient mark of similarity, given that the theft at the Spotsylvania store also happened on the same night only about twenty minutes after the theft at the Stafford store—and that the perpetrators ripped the cell phones off their displays and then fled the stores with them.

Therefore, the evidence in the record clearly demonstrates that the trial court did not abuse its discretion in denying Wingfield's motion *in limine* to exclude evidence from the March 5, 2019 theft of the cell phones at the AT&T store in Spotsylvania because that crime was so similar to the crime that had just occurred in Stafford—taking place only about twenty minutes later. *See Turner v. Commonwealth*, 259 Va. 645, 652 (2000) (where the Supreme Court found that the trial court did not abuse its discretion in admitting evidence of prior crimes where the defendant assaulted each of his previous victims "in the parking lot of a shopping center in the late afternoon or evening hours" and the victim in this particular case "was abducted from a shopping center that is within a 15-minute drive of the shopping centers where the prior crimes were committed"). Consequently, this Court upholds the trial court's decision to deny Wingfield's motion *in limine*.

### B. Striking of Juror 19

Wingfield asserts in his second assignment of error that "[t]he trial court erred by striking Juror 19 for cause." The Commonwealth contends that this assignment of error is "barred from

review" under Rule 5A:18 because Wingfield "did not object to the court's ruling" striking Juror 19.

Rule 5A:18 provides, "No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "Not just any objection will do. It must be both *specific* and *timely*[.]" *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "The rule requires litigants to make their objections 'at a point in the proceeding when the trial court is in a position not only to consider the asserted error, but also to rectify the effect of the asserted error.'" *Commonwealth v. Bass,* 292 Va. 19, 26 (2016) (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010)).

In this case, Wingfield had two opportunities to object to the trial court's ruling, but he failed to make any objection regarding the striking of Juror 19 for cause. First, at the end of *voir dire*, the Commonwealth moved to strike Juror 19 for cause. When the trial court subsequently granted the Commonwealth's motion to strike Juror 19 for cause, Wingfield's counsel responded to the ruling by saying "[a]ll right" and made no objection. Second, when the jury was impaneled, the trial judge asked, "All right. Does either counsel have any objection to the selected panel?" Wingfield's counsel replied, "No, sir, not from the defense." Therefore, Wingfield's assignment of error regarding the striking of Juror 19 for cause is barred for failure to make a contemporaneous objection at the time of the trial court's ruling. *See* Rule 5A:18.

### C. Sufficiency of the Evidence

Wingfield's final two assignments of error address the sufficiency of the evidence to sustain his convictions. He argues in his third assignment of error that "[t]he trial court erred in finding the evidence sufficient to prove the identity of Mr. Wingfield as the perpetrator of these

offenses as a matter of law." He also argues in his fourth assignment of error that "[t]he trial court erred in finding the evidence sufficient to prove that Mr. Wingfield possessed an intent to sell related to the thefts on December 7, 2018 as a matter of law."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

For Wingfield's third assignment of error, he asserts that, for the December 7, 2018 incident, AT&T store employee Byron Johnson stated that Wingfield's hairstyle was not the same in court as it was on the day of the larceny and that Johnson's "full attention was not always consistently directed at the men who took the phones in question." In addition, Wingfield argues that "[t]here was no eyewitness who testified Mr. Wingfield was one of the three individuals who stole items from a Verizon store in Stafford County on March 5, 2019" and that the "only witness who identified Mr. Wingfield regarding a larceny offense on March 5, 2019 was" Bethany Sanders from the AT&T store in Spotsylvania County. Wingfield asserts,

"Even assuming admission of the Spotsylvania conviction was not error, there is little similarity between the two offenses. There is simply generically similar clothing, and the same number of individuals involved." Wingfield contends that "[t]he Commonwealth relied on the Spotsylvania identification, and related photographs, to match the photographs and video to the March 5, 2019 offense in Stafford County."

However, the record provides sufficient evidentiary support for the jury to find that Wingfield was the perpetrator who stole cell phones at both the AT&T store in Stafford County on December 7, 2018, and at the Verizon store in Stafford County on March 5, 2019. Regarding the December 7, 2018 theft, Johnson clearly identified Wingfield in court as one of the perpetrators, and he stated that Wingfield "has the same facial features and the same facial structure as the individual in the pictures." Johnson did say that Wingfield's hairstyle had changed since the day of the larceny, but Johnson confidently testified that Wingfield's "eyes are the same; his nose is the same; everything about him is the same" besides the hair. Therefore, the trial court was not plainly wrong in finding that Wingfield was a perpetrator in the thefts from the AT&T store in Stafford County on December 7, 2018.

In addition, regarding the March 5, 2019 theft, Sanders clearly identified Wingfield as one of the perpetrators of the theft of cell phones that took place at her AT&T store in Spotsylvania only a few minutes after the thefts that took place at the nearby Verizon store in Stafford County that same day. Evidence in the record shows that at both stores in the two counties on the same evening, Wingfield and two other perpetrators ripped cell phones from their displays and then fled from the stores taking the cell phones with them, and Sanders confidently identified Wingfield as one of the perpetrators at her store. In addition, the crime scenes were very similar based on the photos provided in the record. The jury had the opportunity to view photographs from both crimes—as well as two videos from the Spotsylvania larceny—that took

place at about 7:30 p.m. in Stafford County and around 7:50 p.m. in Spotsylvania County. From these photographs, the jury could certainly determine that the perpetrators were wearing the same clothes and stole cell phones from the two different stores in a very similar manner—all occurring within about twenty minutes of each other. Therefore, the trial court was not plainly wrong in identifying Wingfield as one of the perpetrators of the thefts at the Stafford County Verizon store on March 5, 2019.

Finally, for Wingfield's fourth assignment of error, he argues that there is insufficient evidence to establish intent under Code § 18.2-108.01 to convict him of larceny with intent to sell in connection with the December 7, 2018 incident. At the time of this offense, Code § 18.2-108.01(A) stated in pertinent part, "Any person who commits larceny of property with a value of $500 or more with the intent to sell or distribute such property is guilty of a felony[.]"[1] "In determining intent, 'the factfinder may consider the conduct of the person involved and all the circumstances revealed by the evidence.'" *Welch v. Commonwealth*, 15 Va. App. 518, 524 (1992) (quoting *Wynn v. Commonwealth*, 5 Va. App. 283, 292 (1987)). "Indeed, '[t]he specific intent in the person's mind may, and often must, be inferred from that person's conduct and statements.'" *Id.* (quoting *Martin v. Commonwealth*, 13 Va. App. 524, 527 (1992)). "From the nature of the case, intent, generally, must be inferred from circumstances." *Skeeter v. Commonwealth*, 217 Va. 722, 726 (1977) (citation omitted). Here, Johnson testified that, on December 7, 2018, five cell phones valued at about $3,800 were stolen from the AT&T store where he worked. Given that the sheer number of cell phones stolen was plainly more than needed for Wingfield's own personal use (or that of the other perpetrator), the jury could have reasonably inferred that Wingfield intended to sell the cell phones for profit. Therefore, the trial

---

[1] The General Assembly has since amended the statute, effective July 1, 2020, to raise the monetary value to "$1,000 or more with the intent to sell." Code § 18.2-108.01(A).

court was certainly not plainly wrong in convicting Wingfield of larceny with the intent to sell under Code §18.2-108.01 in connection with the December 7, 2018 theft of five cell phones from the AT&T store in Stafford County.

## III.  CONCLUSION

For all of the foregoing reasons, this Court upholds the trial court's conviction of Wingfield for grand larceny, for larceny with intent to sell, and for petit larceny, third or subsequent offense.

*Affirmed*.