**Salem**

FLOYD EDWARD SUTPHIN

v.

COMMONWEALTH OF VIRGINIA

No. 0149-85

Argued June 25, 1985

Decided December 3, 1985

COUNSEL

Allan Garrett, for appellant.

Lucy H. Allen, Assistant Attorney General (Gerald L. Baliles, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—The appellant, Floyd Edward Sutphin (Sutphin), challenges the sufficiency of the evidence to support his convictions for breaking and entering and grand larceny and contends the trial court erred by taking notice of the circumstances surrounding an unrelated crime. We agree with both contentions and reverse the convictions.

The standard for review of criminal convictions requires that we consider the evidence in the light most favorable to the Commonwealth, giving it all inferences fairly deducible therefrom. A conviction will be affirmed unless it appears from the evidence that it is plainly wrong or without evidence to support it. *Higginbotham* v. *Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534,

537 (1975).

> Where the evidence is entirely circumstantial, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence. The chain of necessary circumstances must be unbroken. The circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain which links the defendant to the crime beyond a reasonable doubt.

*Bishop* v. *Commonwealth*, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984) (citations omitted).

In a bench trial, the Commonwealth proved that George's Market in Danville was burglarized on April 23, 1984, at about 2:00 a.m. Considerable merchandise was missing from the market and never recovered. Entry into the market was accomplished by breaking a glass door with a piece of cinder block. The investigating officer collected glass fragments from the broken door for analysis. Sutphin, who was arrested on another charge within three hours of the George's Market burglary, was discovered to have glass particles on his clothing and a shoe. These glass particles were compared by a forensic laboratory with those from the broken door. The laboratory report, placed in evidence, concluded that numerous glass particles from Sutphin's shoe and clothing had the same optical qualities as those from George's Market. Also, the Commonwealth proved that Sutphin resided immediately behind George's Market and established through cross examination of Sutphin that he had given false information on two earlier occasions concerning his whereabouts at the time of the buglary.

This evidence created, at most, only a suspicion of Sutphin's involvement in the crimes charged. A conviction resting on circumstances which cast "a suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." *Bishop* v. *Commonwealth*, 227 Va. at 170, 313 S.E.2d at 393. In an effort to implicate Sutphin as the criminal agent, the Commonwealth offered evidence of Sutphin's conviction of a separate attempted burglary which had been obtained only a few hours earlier before the same judge. The trial court accepted in evidence the record of the prior trial on the theory that it

tended to prove identity and a common scheme. The probative weight which the court gave to the evidence of the earlier conviction is apparent from its finding that the evidence of the prior conviction, along with the other evidence, was sufficient to prove guilt of the offense charged beyond a reasonable doubt.

The facts of the other crime were that on April 23, 1984, at approximately 4:13 a.m., the police arrived at Peebles Department Store in Danville in response to a tripped alarm. They discovered that a brick had been thrown through the glass entrance doors of the store. Glass fragments found inside and outside the doors were collected as evidence. Sutphin was arrested nearby and at the police station his clothing was removed and submitted to the state forensic laboratory along with the glass fragments for analysis and comparison. Although Sutphin denied intending to burglarize Peebles, he admitted throwing a brick through the door. Sutphin was convicted of attempted breaking and entering.

■ Evidence of other independent acts of an accused is inadmissible if relevant only to show a probability that the accused committed the crime for which he is on trial because he is a person of bad or criminal character. Cleary, *McCormick on Evidence* §190 (3d ed. 1984). Likewise, evidence of other criminal acts by an accused is not admissible, even though it is of the same nature as the one charged, if the only purpose is to show that the crime charged was also probably committed by the accused. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). The policy underlying the exclusion of such evidence protects the accused against unfair prejudice resulting from the consideration of prior criminal conduct in determining guilt. *See Fleenor* v. *Commonwealth*, 200 Va. 270, 274-75, 105 S.E.2d 160, 163 (1958).

■ There are numerous exceptions to the general rule excluding evidence of other offenses. To be admissible, evidence of other offenses must be relevant to an issue or element in the present case. *Kirkpatrick* v. *Commonwealth*, 211 Va. at 272, 176 S.E.2d at 805. The circumstances surrounding a separate crime may be relevant: (1) to prove motive to commit the crime charged; (2) to establish guilty knowledge or to negate good faith; (3) to negate the possibility of mistake or accident; (4) to show the conduct and feeling of the accused toward his victim, or to establish their prior relations; (5) to prove opportunity; (6) to prove identity of the ac-

cused as the one who committed the crime where the prior criminal acts are so distinctive as to indicate a *modus operandi*; or (7) to demonstrate a common scheme or plan where the other crime or crimes constitute a part of a general scheme of which the crime charged is a part. Additionally, it may be necessary to allow evidence of other crimes when it is so intimately connected and blended with facts proving the commission of the offense charged that it cannot be separated with propriety. *Id.* at 272-73, 176 S.E.2d at 805-06; *see also Eccles* v. *Commonwealth*, 214 Va. 20, 197 S.E.2d 332 (1973); *McWhorter* v. *Commonwealth*, 191 Va. 857, 63 S.E.2d 20 (1951); *Huffman* v. *Commonwealth*, 168 Va. 668, 190 S.E. 265 (1937).

 The trial court admitted the evidence of Sutphin's attempted burglary at Peebles under the theory that it tended to prove a general plan or scheme and tended to prove Sutphin's identity as perpetrator of the crime charged. Application of the "common scheme or plan" exception is appropriate where a prior criminal act or acts tend to show a system or uniform plan from which motive, criminal intent, or knowledge may be inferred. *Minor* v. *Commonwealth*, 213 Va. 278, 280, 191 S.E.2d 825, 827 (1972). Typically, for example, such evidence may be probative of a conspiracy. *See Dorantes* v. *Commonwealth*, 222 Va. 383, 385, 281 S.E.2d 823, 824 (1981). It is not enough that the other offense is merely similar to the offense charged or closely connected to it in time. The offenses must be both closely related in time *and* tend to show a general scheme or guilty knowledge and intent. *Sloan* v. *Commonwealth*, 199 Va. 877, 881, 102 S.E.2d 278, 281 (1958). In this case, the fact that the two break-ins occurred within two hours of each other in the same city does not indicate that the crimes were related. Also, similar objects having been used to break the glass doors of both stores is not evidence of a general scheme or plan by a common perpetrator. That the offenses were of the same type does not evidence a general scheme. There must be "such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations." *McWhorter* v. *Commonwealth*, 191 Va. at 870-71, 63 S.E.2d at 26. *See also Boyd* v. *Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972).

 As with the common scheme exception, where evidence of a separate crime is used to establish the identity of the accused,

more is required than merely proving repeated commission of crimes of the same class. Generally, the device used to commit the crime, or the manner in which the crime was committed, must be so unusual and distinctive as to act as a signature. *McCormick on Evidence*, at 560. The circumstances surrounding each offense should demonstrate a *modus operandi* that identifies the accused as the perpetrator of both offenses. Breaking a glass door with a piece of cinder block or similar object is not a sufficiently distinctive method of attempting unlawful entry to prove identity.

We conclude that the evidence of Sutphin's involvement in the Peebles burglary was not relevant to prove any element of the burglary at George's Market. The trial court erred in admitting evidence of the other offense.

We also cannot say that the error was harmless beyond a reasonable doubt. The Commonwealth relied heavily upon the evidence of the prior conviction at trial to prove identity and to show a general scheme or plan. It appears to have contributed significantly to Sutphin's conviction.

When we disregard the evidence of the prior conviction, the evidence against Sutphin was proof of a burglary at George's Market, proof of the presence of glass particles on Sutphin's clothing and shoe which had the same optical properties as the glass from the door, proof that Sutphin lived nearby George's Market and proof that Sutphin gave false or inconsistent alibis.

We conclude that the evidence was not sufficient as a matter of law to support a guilty verdict. The evidence that the glass fragments found on Sutphin had the same optical properties as the glass from the broken door was central to the Commonwealth's case. The comparative analysis did not positively identify the two glass fragments as coming from an identical source, but merely proved that such a possibility existed. The compatibility of the samples, while not excluding Sutphin as a suspect, was a circumstance which increased the probability or suspicion that Sutphin committed the burglary. However, without expert testimony which explained the incidence or probability of the two samples possessing the same optical properties, the court had no standard to evaluate the weight or significance of such evidence. *See Kay* v. *United States*, 255 F.2d 476, 481 (4th Cir.), *cert. denied*, 358 U.S. 825 (1958). It is true that the forensic evidence, standing

alone, did not have to prove conclusively that Sutphin committed the offense; it was a factor which could be considered with other circumstances which, when considered together, must reasonably exclude every hypothesis except that Sutphin was the criminal agent. *See Turner* v. *Commonwealth*, 218 Va. 141, 146-47, 235 S.E.2d 357, 360 (1977). However, absent other evidence which more directly implicated Sutphin as the criminal agent or placed him at the scene at the time of the burglary, the comparison between the glass particles was insufficient to exclude every reasonable conclusion other than guilt. *See Napper* v. *Commonwealth*, 220 Va. 536, 260 S.E.2d 216 (1979). Whenever the evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt. *Massie* v. *Commonwealth*, 140 Va. 557, 565, 125 S.E. 146, 148 (1924).

■ The Commonwealth relied upon Sutphin's living nearby and his contradictory alibis as additional circumstances, considered together with the comparative glass analysis, to support the conviction. Presence in the area of a crime is sufficient to prove opportunity, but, standing alone, it is insufficient to prove guilt and creates nothing more than a suspicion that the accused is guilty of the crime charged. *Duncan* v. *Commonwealth*, 218 Va. 545, 547, 238 S.E.2d 807, 808 (1977). Proof that Sutphin lived nearby was not proof of his whereabouts at the time of the burglary and, without more, did not prove opportunity.

■ Evidence of contradictory statements or false alibis by the accused is given much weight in cases relying upon circumstantial evidence, but does not relieve the Commonwealth of the burden of proving the accused to be the criminal agent. Contradictory statements of material facts by the accused may be considered with all the evidence to determine whether every reasonable theory consistent with innocence is excluded. *Massie* v. *Commonwealth*, 140 Va. at 564, 125 S.E. at 148. The evidence relied on by the Commonwealth, however, must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. *LaPrade* v. *Commonwealth*, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950).

While the evidence against Sutphin may have created a strong suspicion or even a probability that he broke and entered George's

Market and committed larceny therein, we find as a matter of law that the evidence was insufficient to identify him as the criminal agent to the exclusion of a reasonable doubt.

The judgment of conviction is reversed and the indictment will be dismissed.

*Reversed and dismissed.*

Koontz, C.J., and Keenan, J., concurred.