**Richmond**

DAVID EDWARD CULLEN

v.

COMMONWEALTH OF VIRGINIA

No. 0432-90-2

Decided September 24, 1991

[black redaction bar]

[black redaction bar]

COUNSEL

William E. Glover (Clifford Y. Rose; Roberts, Sokol, Ashby & Jones, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, on brief), for appellee.

OPINION

**ELDER, J.**—Daniel Edward Cullen, the appellant, was convicted of grand larceny in the Circuit Court for the County of Spotsylvania on January 12, 1990. The sole issue on appeal is whether the trial court erred in denying his motion to set aside the verdict on the ground that the evidence of the barred murder prosecution was highly prejudicial to the defense. We affirm.

When viewed in the light most favorable to the Commonwealth, the evidence at trial showed that in September, 1978, the appellant killed Louis Nelson. Afterward, the appellant drove Nelson's car to New York. Nelson's remains were not found until November, 1979. All that remained of the deceased were his skull and some bones. A watch, a pair of pants, a wallet and dentures were also found at the scene. The medical examiner could identify the victim through x-rays, medical records and photographs.

On March 1, 1989 the appellant was arrested and extradited to Virginia, where he was charged with the second degree murder of Nelson. The preliminary hearing on the murder charge was held on August 10, 1989, and the charge was certified to the grand jury. On October 22, 1989, the grand jury returned a true bill on the murder charge. The grand jury also returned true bills on two separate direct indictments, each charging the appellant with

grand larceny. One indictment charged the taking of money from the victim and the other charged the taking of the victim's car. The appellant was arraigned on all three charges on October 30, 1989, and the court set trial for January 11, 1990. The appellant remained incarcerated pending trial.

The morning of trial, the appellant filed a motion to dismiss the murder charge because of a speedy trial violation under Code § 19.2-243. This motion was denied and the trial proceeded on the three indictments. No severance motion was made. In fact, the appellant conceded that a severance motion would not lie because of the interrelated nature of the evidence in the cases.

At the close of the Commonwealth's case, the trial court struck the larceny of money charge on the motion of the appellant. The appellant renewed his motion to dismiss the murder charge and the motion was denied.

At the close of all the evidence, the motion to dismiss was again renewed and denied. The appellant also moved to dismiss the remaining larceny charge, asserting he was prejudiced by having this charge tried with the murder charge which should have been dismissed. This was denied.

The jury found the appellant guilty on the remaining charges. At the conclusion of all the post-trial motions, the court asked counsel for further argument on the speedy trial motion. On January 19, 1990, the trial court heard argument and ruled that the murder charge was barred. The court found that, since the preliminary hearing was held on August 10, 1990 and the appellant remained in custody, the trial should have taken place on or before January 10, 1990. The appellant then moved the court to set aside the grand larceny conviction, asserting that evidence presented relating to the murder charge was prejudicial to his defense of the larceny charge. This motion was denied.

The appellant asserts that the court erred in refusing to set aside the guilty verdict on the larceny charge when it dismissed the murder charge. The appellant claims that he was prejudiced in three ways. First, he was deprived of certain procedural safeguards at trial, such as an instruction limiting the purpose for which the jury could consider the evidence of the murder. Second, evidence concerning the murder charge would have been inadmis-

sible in a trial solely for grand larceny, specifically, "the parade of the bones before the jury" and the medical examiner's testimony. Third, the Commonwealth's attorney was able to tie the two crimes together in argument by stating that the motive of the murder was to steal the car.

In this case, as stated by the defense counsel at trial, "[t]he ultimate question is whether the admission of the facts relating to the murder charge should have and would have been admissible in the grand larceny charge." We find that the evidence of the murder charge would have been properly admitted had the grand larceny charge been tried alone.[1]

■ "Evidence of other independent acts of an accused is inadmissible if relevant only to show a probability that the accused committed the crime for which he is on trial." *Sutphin v. Commonwealth*, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). However, "there are so many exceptions to the rule that it is difficult to determine which is more extensive—the rule or its acknowledged exceptions." *Ferrell v. Commonwealth*, 11 Va. App. 380, 388, 399 S.E.2d 614, 618 (1990) (quoting 29 Am. Jur. 2d *Evidence* § 321 (1967)). "Evidence of other offenses is admitted . . . if it tends to prove any relevant element of the offense charged." *Donahue v. Commonwealth*, 225 Va. 145, 155, 300 S.E.2d 768, 773 (1983) (quoting *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)). "Additionally, it may be necessary to allow evidence of other crimes when it is so intimately connected and blended with facts proving the commission of the offense charged that it cannot be separated with propriety." *Sutphin*, 1 Va. App. at 246, 337 S.E.2d at 899. Evidence of other offenses is admissible if it "is connected with or leads up to the offense for which the accused is on trial." *Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805.

■ "In order for evidence of other crimes to be admitted . . . the probative value of such evidence must outweigh any incidental prejudice to the accused." *Curtis v. Commonwealth*, 3 Va. App.

---

[1] This is the only question we decide in this case. We do not address any other related issues concerning circumstances in which a severance motion was properly made and erroneously denied; or the prosecution was *barred* for some other reason, such as a speedy trial violation, and a timely and proper severance motion was made before the trial court and erroneously denied.

636, 638, 352 S.E.2d 536, 537 (1987). The "responsibility for balancing these competing considerations is largely within the sound discretion of the trial judge." *Id.* at 638-39, 352 S.E.2d at 538 (quoting *Coe v. Commonwealth*, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986)).

■ The evidence that proved the murder also proved the elements of the larceny. "Larceny is defined as the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." *Jones v. Commonwealth*, 3 Va. App. 295, 300, 349 S.E.2d 414, 417-18 (1986). The evidence of the murder also proved that the taking was wrongful, the car was not taken with the assent of the victim, and was taken with the intent to permanently deprive the owner. The evidence of the murder also proved the identity of the victim and that the car belonged to him. Additionally, the two crimes were intertwined and inseparable. The trial court found that any prejudice did not outweigh the probative value of the evidence. The court's ruling was not an abuse of discretion.

Therefore, the evidence of the murder charge would have been properly admitted had the grand larceny charge been tried alone. Accordingly, the appellant was not prejudiced and the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Benton, J., concurred.