COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia


RICKY A. TAYLOR

v.          Record No. 0995-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                  MAY 23, 1995


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert P. Frank, Judge

George B. Pavek, III, for appellant.

Robert B. Condon, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Ricky A. Taylor contends that making the victims get out of their car during the robbery and attempted robbery does not constitute the separate crime of abduction.  We find no error and affirm the judgments of the trial court.

When reviewing criminal convictions, we consider the evidence in the light most favorable to the Commonwealth, giving to it all inferences fairly deducible therefrom.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).  A conviction will be affirmed unless plainly wrong or without evidence to support it.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Larry Davis and Natasha Calver were sitting in Calver's car when Taylor and his brother pulled up in a vehicle next to them.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Taylor approached the passenger side of Calver's car.  His brother approached the driver's side and shoved a shotgun in the open window.  Taylor's brother forced Davis out of the car and made him lie on the ground, face down.  He put his foot on Davis's back and held the shotgun to his head.  He demanded Davis's money, but Davis had none.  Taylor ordered Calver out of the car and made her kneel on the ground.  He then took her purse containing $110, ordered her back into the car, and threatened to kill her if she looked up before he left.

Code § 18.2-47 defines abduction and provides, in pertinent part:

> Any person, who, by force, intimidation or deception, and without legal justification or excuse . . . detains . . . the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of "abduction" . . . .

In Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), the Supreme Court held "in the enactment of the abduction statute the General Assembly did not intend to make the kind of restraint which is an intrinsic element of . . . robbery . . . a criminal act, punishable as a separate offense."  230 Va. at 314, 337 S.E.2d at 713.  The Court went on to define the type of detention addressed by the abduction statute as a "detention . . . separate and apart from and not merely incidental to, the restraint employed in the commission of the other crime."  230 Va. at 314, 337 S.E.2d at 714.

The question before us is whether the detention of the

victims in this case was "separate and apart" from or "merely incidental" to the robbery and attempted robbery. We find the evidence sufficient to support the conclusion that the detentions were separate and apart. The victims were forced out of their car onto the ground. This was more than was needed to accomplish the robbery and attempted robbery. Thus, forcing the victims out of the car before committing the robbery is "not an act inherent in or necessary to the restraint required" for the robbery. Coram v. Commonwealth, 3 Va. App. 623, 626, 352 S.E.2d 532, 533-34 (1987).

We affirm the judgments of the trial court.

Affirmed.