COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia


JOHN DAVID DUGAN

MEMORANDUM OPINION[*] BY
v.          Record No. 0184-94-3          JUDGE LARRY G. ELDER
                                          JULY 18, 1995
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
G. O. Clemens, Judge

John Gregory, Jr., for appellant.

H. Elizabeth Shaffer, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


John David Dugan (appellant) appeals his conviction for
malicious wounding in violation of Code § 18.2-51.  Appellant
contends that the trial court erred in denying his motion in
limine to prevent the Commonwealth from introducing evidence that
appellant allegedly "stabbed" the victim's brother twelve years
earlier.  Because the trial court committed no error, we affirm
the conviction.

Viewed in the light most favorable to the Commonwealth, the
facts show that Douglas Hodges (the victim) was at The Inn, a bar
in Roanoke County, on May 21, 1993.  After seeing appellant
seated nearby, Hodges asked the bartender whether she knew
appellant and told her that he looked "like the man that stabbed
my brother twelve years ago, but I'm not sure."  Minutes later,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

appellant approached Hodges, a brief conversation ensued, and appellant stabbed Hodges in his left abdomen.

Appellant filed a written motion in limine asking the trial court to exclude the evidence that Hodges' brother was involved in an altercation with appellant twelve years ago, in which a knife was used. At the hearing, appellant orally modified his motion to exclude only mention of the knife in the altercation. Appellant conceded that the altercation itself was relevant to establish the animosity that Hodges had for appellant and was helpful in establishing his case of self defense. He argued, however, that evidence that a knife was used in the prior altercation unduly prejudiced appellant. The trial court denied appellant's motion and allowed the knife and the prior "stabbing" incident to be mentioned at trial.

We hold that the trial court did not abuse its discretion in allowing evidence of the prior "stabbing" to be admitted at trial. Generally, evidence of crimes or other bad acts committed by the accused is incompetent and inadmissible to prove the accused committed or likely committed the particular crime charged. Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). However, well-established exceptions to this rule may apply where the evidence is relevant to show some element of the crime charged or a material fact or issue; this relevance must equal or outweigh the prejudice inherent in proving that the accused committed the other crimes or bad acts.

See Sutphin v. Commonwealth, 1 Va. App. 241, 245–46, 337 S.E.2d 897, 899 (1985); Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617, cert. denied, 498 U.S. 908 (1990).

In this case, the evidence of the prior "stabbing" incident was relevant to establish the parties' relations and to demonstrate their motives and conduct before and during the altercation.  See Boggs v. Commonwealth, 199 Va. 478, 100 S.E.2d 766 (1957).  Specifically, the evidence was probative of whether appellant may have acted in self defense.[1]  See Curtis v. Commonwealth, 13 Va. App. 622, 625, 414 S.E.2d 421, 423 (1992). Furthermore, we cannot say that the probative value of this evidence was outweighed by any prejudicial value.  See Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983).

In any event, appellant waived objection to the admissibility of the evidence when he conceded to the trial court that the incident "obviously has to come in."  Once the trial court allowed Hodges' reference to the general incident to be introduced at trial, it would have been very difficult to remove any reference to the prior "stabbing" or to substitute other language, thereby sanitizing Hodges' actual statement.[2]  See

---

[1]  The jury might reasonably have assumed that because appellant had allegedly stabbed Hodges' brother, and because Hodges possessed animosity toward appellant, Hodges was acting out of revenge in attacking appellant.

[2]  Hodges' statement contained the following words:  "That looks like the fellow that stabbed my brother twelve years ago, but I'm not sure."

Ascher v. Commonwealth, 12 Va. App. 1105, 1119, 408 S.E.2d 906, 915 (1991)(holding redaction is required only if "the objectionable portion of the statement [could] easily be separated" from the remainder of the statement and if the prejudicial value outweighs the probative value), cert. denied, __ U.S. __, 113 S. Ct. 190 (1992). The actual language used by Hodges conveyed more clearly the depth of his feelings than could have been conveyed by substituted language. In view of appellant's desire to have the incident admitted, we cannot say that the trial court abused its discretion by refusing to sanitize the testimony.

Accordingly, we affirm appellant's conviction.

Affirmed.