COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Fitzpatrick

MARK ANTHONY REID

v.          Record No. 0781-94-3          MEMORANDUM OPINION[*] BY
                                          JUDGE SAM W. COLEMAN, III
COMMONWEALTH OF VIRGINIA                     FEBRUARY 6, 1996

                FROM THE CIRCUIT COURT OF AMHERST COUNTY
                       J. Michael Gamble, Judge

          J. Thompson Shrader, for appellant.

          Richard Rizk, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Richard B. Smith, Assistant Attorney General,
          on brief), for appellee.


     Mark Anthony Reid appeals his convictions for robbery,
attempted robbery, use of a firearm in the commission of robbery,
and use of a firearm in the commission of attempted robbery.
Reid contends that the trial court erred by admitting evidence of
four separate robberies committed prior to the crimes for which
he is being prosecuted.  We find no err and affirm the
defendant's convictions.

     Evidence of other independent acts, including criminal acts,
is generally inadmissible unless offered to prove "motive,
intent, plan or scheme, or any other relevant element of the
offense on trial."  Scott v. Commonwealth, 228 Va. 519, 527, 323
S.E.2d 572, 577 (1984); see also Kirkpatrick v. Commonwealth, 211
Va. 269, 272, 176 S.E.2d 802, 805 (1970); Sutphin v.

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth, 1 Va. App. 241, 245-46, 337 S.E.2d 897, 899 (1985).

"[E]vidence that implicates an accused in other crimes unrelated to the offense for which the accused is being tried is inadmissible because it creates confusion of issues, causes unfair surprise, and causes undue prejudice." Boggs v. Commonwealth, 199 Va. 478, 488, 100 S.E.2d 766, 773 (1957). Thus, unless the evidence of other crimes was relevant to prove a material fact, and its relevance outweighed its prejudicial effect, the evidence was not admissible.

Here, the record reveals that the defendant remained in the car outside the Pizza Hut while his accomplices entered the restaurant and carried out the robbery. Therefore, Penny Casey's testimony regarding the defendant's participation in four other robberies that took place in Roanoke earlier that same night was relevant to prove his knowledge, intent, and participation as a principal in the Pizza Hut robbery. Casey testified, for instance, that the defendant stated prior to the robbery of the Pizza Hut "that he was a little disappointed" about the amount of money obtained in Roanoke, and "was looking for someone else to rob." "When guilty intent is an essential element of the offense charged, evidence of similar acts committed by the accused and of his conduct at or about the time of the commission of the offense charged against him is admissible as tending to establish his criminal intent or motive." McWhorter v. Commonwealth, 191 Va. 857, 870, 63 S.E.2d 20, 26 (1951).

The evidence of the defendant's participation in the four prior robberies was highly relevant to prove the defendant's intent and motive as to the offense charged, and to prove that he was not an innocent actor.  The trial court did not abuse its discretion by finding that the probative value of the prior robberies outweighed the prejudice to the defendant.  Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617 (1990). Accordingly, we affirm the defendant's convictions.

Affirmed.