COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


KALVIN DONNELL COWARD, S/K/A
 KELVIN DONNELL COWARD

v.    Record No. 2631-94-2          MEMORANDUM OPINION[*] BY
                                     JUDGE MARVIN F. COLE
   COMMONWEALTH OF VIRGINIA              APRIL 2, 1996


             FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Buford M. Parsons, Jr., Judge

          Thomas P. Collins (Eck, Collins &
          Marstiller, on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General,
          on brief), for appellee.



     The appellant, Kelvin Donnell Coward, was convicted by a

jury of robbery, abduction for pecuniary benefit, and two firearm

charges.  On appeal he raises two issues: (1) whether the trial

court erred in refusing to grant appellant's motion to strike the

convictions for abduction for pecuniary benefit and the related

firearm charge, and (2) whether the trial court erred in denying

his motion to set aside the convictions as contrary to the law

and evidence.

     The appellant contends that there was insufficient evidence

of an abduction separate and apart from the robbery to support

the abduction and the related firearm charge, and that the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence was insufficient to identify him as the perpetrator.

## I. Facts

Jeffrey Henry was the restaurant manager at Picadilly's Cafeteria when appellant rang the bell at the rear door where employees enter. Appellant wore clothes similar to those "the baker normally wore," and, when Henry "looked through the peep hole [appellant] had his back to [Henry]." Henry opened the locked door, and appellant pointed a gun at him. Appellant "told [Henry] to back up and get into the store, and he told [him] that he wanted the money, my money and the store's money or he would shoot me." "[A] few feet into the store [appellant] hit [Henry] in the side of the face with his fist." "[He] put the gun to [Henry's] head and told [him] he was going to blow [his] brains out if [Henry] didn't take [him] to the office and give him the money." Appellant made this threat three times as he grasped Henry's shirt and "pulled" him approximately seventy-five feet from the back door, down a hallway, through the kitchen, through an employee's dining area, and into the office.

During Henry's testimony, the prosecutor asked whether Henry gave appellant any of his personal money. Henry stated, "Right inside the door, when he started demanding the money for [sic] the office, he demanded my money and that was on my person, also." Henry recalled giving appellant twelve dollars.

In the office, appellant put the gun to Henry's head and forced him to open the safe. After taking the money, appellant

put Henry into a chair in the office, told him "to sit there and be quiet or he was going to shoot" him. Appellant fled. Henry unequivocally identified appellant as the robber. He stated that he was familiar with appellant, who had previously worked at the restaurant for about six months.

Shirley Smith, a restaurant employee, testified that, the night before the robbery, appellant met her at the restaurant near the end of her shift and asked her for a ride. Smith was a friend of appellant's girlfriend. During the ride, appellant told Smith that "he had been thinking about robbing [the restaurant]."

At trial, appellant moved to strike the abduction charge and the related use of a firearm charge. The trial judge found "two separate acts." The trial judge ruled that the abduction occurred "at the door," and taking Henry "into a different place where he robs him, that's the robbery."

## II. Discussion

When reviewing criminal convictions, we consider the evidence in the light most favorable to the Commonwealth, giving to it all inferences fairly deducible therefrom. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). A conviction will be affirmed unless plainly wrong or without evidence to support it. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Code § 18.2-47 defines abduction and provides, in pertinent

3

part:

> Any person, who, by force, intimidation or
> deception, and without legal justification
> or excuse . . . detains . . . the person of
> another, with the intent to deprive such
> other person of his personal liberty . . .
> shall be deemed guilty of "abduction"
> . . . .

In Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), the Virginia Supreme Court held that "in the enactment of the abduction statutes the General Assembly did not intend to make the kind of restraint which is an intrinsic element of . . . robbery . . . a criminal act, punishable as a separate offense." Id. at 314, 337 S.E.2d at 713. The Court went on to define the type of detention addressed by the abduction statute as a "detention . . . separate and apart from and not merely incidental to, the restraint employed in the commission of the other crime." Id. at 314, 337 S.E.2d at 714.

Therefore, the question before us is whether the detention of the victim in this case was "separate and apart" from or "merely incidental to the robbery." The indictment charged that appellant "did rob Jeffrey Henry of United States currency." The jury found appellant "guilty of the crime of robbery as charged in the indictment." Appellant put the gun to Henry's head and told him to back up and get into the store, where he personally robbed Henry of twelve dollars. Clearly, this evidence supports the robbery conviction.

Appellant then told Henry he was "going to blow [his] brains

4

out if [Henry] didn't take [him] to the office and give him the money." The appellant grasped Henry's shirt and pulled him seventy-five feet from the back door, down a hallway, through the kitchen, through an employee's dining area, and into the office. We find that these acts were not acts inherent in or necessary to the restraint required for the robbery, but, rather, they constitute acts separate and apart from the robbery.

The appellant contends that the identification evidence was insufficient to prove that he was the perpetrator of the offenses beyond a reasonable doubt. Therefore, he argues that the trial court should have granted his motion to set aside the jury verdicts as contrary to the law and evidence. The record fully supports the fact finder's determination that the appellant was the perpetrator of the offenses with which he was charged. Henry worked with appellant for six months and positively identified him as the robber. The night before the crimes, the appellant further told an acquaintance that he was considering committing the robbery. The jury chose to believe this evidence and it was sufficient to support the convictions.

For the foregoing reasons, we find that the trial court did not err in refusing to strike the appellant's evidence and did not err in refusing to grant the motion to set aside the verdicts as being contrary to the law and evidence. Therefore, we affirm the convictions.

Affirmed.