COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


GARY WAYNE DESPER
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2538-95-3      CHIEF JUDGE NORMAN K. MOON
                                      DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                     J. Michael Gamble, Judge

          Joseph A. Sanzone (Joseph A. Sanzone
          Associates, on brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Gary Wayne Desper appeals his conviction of damaging or

defacing property in violation of Code § 18.2-137.  Appellant

argues that the trial court committed reversible error by

improperly admitting evidence of an alleged prior bad act of

appellant.  We disagree, and find that the trial court did not

err in admitting evidence of appellant's alleged prior bad act

because it was relevant to prove prior relations and motive.

     In mid to late June, 1995, Virginia Dalton, the owner of Cut

Loose, a beauty salon, discussed with Gay Charlton the

possibility of Charlton coming to work for Dalton.  Subsequently,

Dalton told a number of people that Charlton would be working at

the salon.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On the evening of July 4, 1995, appellant was observed with a spray can outside of Dalton's store. He was bending down near the door spray painting the building. A teal green Chevy S-10 truck, similar to appellant's vehicle, was in the salon's parking lot. The eyewitness later identified appellant in a photo lineup.

The following day, Dalton discovered the words "Gay" and "Nails by Gay" spray painted on the windows of her shop. On July 9, 1995, the police went to appellant's home and inquired about the incident. Appellant denied committing the crime but said that he had learned of the event from his mother. The police had not informed appellant's mother of the vandalism. Appellant could not remember his whereabouts at the time of the crime.

The trial court permitted introduction of evidence that in the fall of 1994 appellant pulled his S-10 truck next to Charlton's car. He got down beside Charlton's car, and after appellant departed, Charlton's car had been "keyed."

Appellant argues that his conviction must be reversed because the trial court erred in permitting introduction of the prior vandalism to Charlton's car. "Evidence of other independent acts of an accused is inadmissible if relevant only to show a probability that the accused committed the crime for which he is on trial because he is a person of bad or criminal character." Sutphin v. Commonwealth, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). However, such evidence is admissible when it is "relevant to an issue or element in the present case."

Id. "[I]f such evidence tends to prove any of the relevant facts of the offense charged and is otherwise admissible, it will not be excluded merely because it also shows him to be guilty of another crime." Williams v. Commonwealth, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962).

Accordingly, we have held that evidence of prior bad acts may be properly admitted to prove, among other things, prior bad relations of parties, Scott v. Commonwealth, 228 Va. 519, 527, 323 S.E.2d 572, 577 (1984), and a defendant's motive, Freeman v. Commonwealth, 223 Va. 301, 313–14, 288 S.E.2d 461, 468 (1982). "Even where another crime is not inextricably linked with the offense at trial, it may nevertheless be proved if it shows the conduct and feeling of the accused towards his victim, his motive . . . or any other relevant element of the offense on trial." Scott, 228 Va. at 526–27, 323 S.E.2d at 577.

When admitting evidence that the appellant had keyed Charlton's car, the trial court instructed the jury that:

> The only reason you should consider this testimony is for the conduct and the feelings of the accused towards Gay Charlton. This prior event does not prove or should not be considered as proof of the charge in this case that has been alleged to occur on July 4, 1995, but merely to show his conducts [sic] and feelings toward Ms. Charlton.

The trial court did not err in finding that the keying of Charlton's car could serve to demonstrate the nature of appellant's relationship with Charlton and his feelings toward her. Appellant's hostility toward Charlton was relevant on these

facts, where the alleged crime clearly demonstrated a similar hostility. The evidence corroborated the identification of appellant as the vandal.

Further, the trial court, although it did not do so, could have permitted evidence of the event as it demonstrates appellant's motive for an otherwise inexplicable crime. The prior bad act is probative of appellant's motive, and serves to suggest that his intent in committing the present crime was a desire to harm Charlton. The fact that the trial court rejected motive as a basis for admission of the prior bad act does not preclude our consideration of motive as a proper basis for its admission. "[W]e will not reverse the trial court's ruling when, as here, the correct result has been reached, although the court may have assigned the wrong reason for its ruling." Frye v. Commonwealth, 231 Va. 370, 389, 345 S.E.2d 267, 280 (1986).

In sum, we find that the trial court acted within its discretion in finding that the probative value outweighed the incidental prejudice of the prior bad act, see Miller v. Commonwealth, 15 Va. App. 301, 305, 422 S.E.2d 795, 797 (1992), aff'd, 246 Va. 336, 437 S.E.2d 411 (1993), as the prior bad act evidence proved appellant's ill will toward Charlton which was a motive for his hostile act.

Appellant also argues that the evidence of the prior bad act should not have been admitted because the evidence was too remote as it occurred eight months prior. Remoteness of a prior bad act is one factor to be considered by the trial court; however,

evidence of prior bad acts should not be withheld "solely on the basis of remoteness unless the expanse of time has truly obliterated all probative value."  Lafon v. Commonwealth, 17 Va. App. 411, 419, 438 S.E.2d 279, 284 (1993).

A period of eight months does not render evidence of the prior bad act per se irrelevant.  See, e.g., Collins v. Commonwealth, 226 Va. 223, 229-30, 307 S.E.2d 884, 888 (1983) (finding that testimony about other criminal activity "eight months or more" from the crime charged was not "too remote"); Moore v. Commonwealth, 222 Va. 72, 76, 278 S.E.2d 822, 824 (1981) (finding evidence of other bad acts committed a year and a half before was still relevant).  Thus, the trial court did not err in concluding that the fact that the prior bad act was committed eight months earlier did not sufficiently eradicate the probative value of the incident to warrant its exclusion.

Accordingly, we affirm.

                                        Affirmed.