## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Devon Jeffrey Foreman

September 21, 1999

Case No. CR99001043

BY JUDGE MARC JACOBSON

Devon J. Foreman, the Defendant, is charged with the crime of assaulting a police officer, Va. Code § 18.2-57(c). The Commonwealth has indicated that it seeks to introduce into evidence the fact that Defendant was in possession of drugs prior to or simultaneous with the alleged assault, not for the purpose of showing Defendant's propensity to commit the alleged assault, but for the limited purpose of establishing motive to commit the assault.

In Virginia, the general rule is well established that in a criminal prosecution, proof which shows that the accused is guilty of the commission of other crimes and offenses, even though they are of the same nature as the crime presently charged, is inadmissible for the purpose of showing the commission of the crime presently charged. *Kirkpatrick v. Commonwealth*, 211 Va. 269, 176 S.E.2d 802 (1970); *see also Williams v. Commonwealth*, 208 Va. 724, 160 S.E.2d 781 (1968); *Hagy v. Commonwealth*, 222 Va. 599, 283 S.E.2d 187 (1981); *Sutphin v. Commonwealth*, 1 Va. App. 241, 337 S.E.2d 897 (1985); *Nicholas v. Commonwealth*, 15 Va. App. 188, 422 S.E.2d 790 (1992). *Kirkpatrick* also establishes that evidence of other crimes is inadmissible if offered merely for the purpose of showing that the accused is likely to have committed the crime presently charged. *Kirkpatrick*, 211 Va. 269, 176 S.E.2d 802. The policy which undergirds the exclusion of such other crimes evidence "protects [the] accused against unfair prejudice resulting from the consideration of prior criminal conduct in determining guilt." *Sutphin*, 1

Va. App. at 245, 337 S.E.2d at 899. Simply stated, evidence of other crimes is not admissible to show a defendant's propensity to commit a crime.

However, evidence of other crimes and offenses committed by an accused may be admissible when relevant to an issue or element in a given case. *Sutphin*, 1 Va. App. at 245, 337 S.E.2d at 899. If such evidence "tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows [the Defendant] to have been guilty of another crime." *Pugliese v. Commonwealth*, 16 Va. App. 82, 91, 428 S.E.2d 16, 23 (1993) (*citing Williams v. Commonwealth*, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962)). An oft cited exception to the general rule of inadmissibility is that evidence of other crimes and offenses may be relevant and admissible to prove motive to commit the crime charged. *Bottoms v. Commonwealth*, 22 Va. App. 378, 384, 470 S.E.2d 153, 156 (1996); *Pugliese*, 16 Va. App. at 91, 428 S.E.2d at 23-24; *Sutphin*, 1 Va. App. at 245, 337 S.E.2d at 899; *Williams*, 208 Va. at 730, 160 S.E.2d at 785. Additionally, evidence of other crimes is admissible where such evidence is so intimately connected and blended with facts proving the commission of the offense charged that it cannot be separated with propriety. *Kirkpatrick*, 211 Va. at 272-73, 176 S.E.2d at 805-06.

The Commonwealth cites the *Williams, Pugliese,* and *Bottoms* cases in support of the Commonwealth's position that the possession of drugs by the Defendant is relevant to the Defendant's conduct, the alleged assault of a police officer. In essence, the Commonwealth would contend that the possession of drugs by the Defendant at the time of the alleged assault would be a *motive* and a cause for the alleged assault.

The *Williams, Pugliese,* and *Bottoms* cases all involve specific conduct directly or indirectly, involving serious criminal offenses, murder, robbery and attempted capital murder and are factually based cases that clearly show a "continuing course of criminal conduct" or conduct that was "interwoven" with the specific crimes.

While not in any way intending to suggest that assaulting a police officer or the crime of assault is not a serious offense, this Court, under the facts of its initial case, does not attach significance nor relevance to the fact that the Defendant possessed cocaine prior to the alleged assault of the police officer or that such possession of cocaine is necessarily relevant in establishing a *motive* for the alleged assault of the police officer. The Commonwealth apparently would contend that it would be logical for one to be motivated to assault a police officer for one reason or another rather than simply to take flight. The Commonwealth would further contend that such an assault would potentially result in a pat-down of the Defendant and the finding of drugs in

his possession. Apparently the Commonwealth would also contend that the possession of drugs by the Defendant at the time of the alleged assault is closely connected with or blended with the facts allegedly proving the commission of the alleged assault of the police officer by the Defendant.

The instant case is not similar to the *Williams* case where the court stated:

> Williams' actions at the [victim's] home ... were continuous and interwoven. If evidence of any of those actions had been excluded, the circumstances surrounding the killing ... would not have been fully disclosed to the jury. Evidence of Williams' actions after shooting [the victim] tended to show that the killing was willful and deliberate and to show his *motive for the killing,* [that of abducting the victim's third child].

208 Va. at 730, 160 S.E.2d at 785 (emphasis supplied).

Nor is the instant case similar to the *Bottoms* case where the Virginia Court of Appeals found the evidence of other crimes to disclose a continuing course of criminal conduct in explaining the Defendant's motive in stopping and attempting to kill a Virginia State Trooper during the Defendant's crime spree. In the *Bottoms* case, the Virginia Court of Appeals found no abuse of discretion on the part of the trial court in admitting evidence of the Defendant's previous offenses for the limited purpose of showing his motive for attempting to kill the trooper.

The finding in the *Pugliese* case provided a further example of the motive exception to the rule prohibiting the admission of other crimes evidence. In that case, the Virginia Supreme Court noted that "the evidence of [the Defendant] spending the money taken from [the victim] and what it was spent to purchase was relevant to prove that [the Defendant] participated in the crimes and to prove that he had a motive for committing the crimes." *Pugliese,* 16 Va. App. at 82, 428 S.E.2d at 23-24.

In the *Williams, Bottoms,* and *Pugliese* cases, it was basically determined that the probative value exceeded the prejudicial value of the evidence. The Court finds that the instant case is dissimilar to the *Williams, Pugliese,* and *Bottoms* cases. Furthermore, if the fact that the Defendant had drugs in his possession at the time of the alleged assault was relevant in order to show a motive for the alleged assault of the police officer, which this Court declines to conclude, the prejudicial value or weight of such evidence exceeds the probative value.

The motion of the Defendant to exclude evidence relative to possession of drugs by the Defendant at the time of the alleged assault is sustained.