COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


DARRELL JEROME REDMOND

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1726-00-1          JUDGE JERE M. H. WILLIS, JR.
                                          JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     Von L. Piersall, Jr., Judge

            S. Jane Chittom, Appellate Defender (Public
            Defender Commission, on brief), for
            appellant.

            Shelly R. James, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     On appeal from his convictions of robbery, in violation of

Code § 18.2-58, and abduction, in violation of Code § 18.2-47,

Darrell J. Redmond contends that the evidence failed to prove an

abduction separate and apart from the robbery and, thus, was

insufficient to support the abduction conviction.  We disagree and

affirm the judgment of the trial court.

                          I.  BACKGROUND

     We view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  See Sutphin v. Commonwealth, 1 Va. App. 241,

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

243, 337 S.E.2d 897, 898 (1985). A judgment will not be set aside unless it is plainly wrong or without supporting evidence. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

On November 27, 1998, at approximately 7:00 p.m., Malcolm Lee Dillard, III was approached by Redmond and another man. Redmond told Dillard to "get on the ground." He removed Dillard's jacket and said, "[You] might as well give it up." Dillard gave Redmond twelve dollars that he had on his person. Redmond then searched Dillard and removed his wallet. The other assailant said, "[You] might as well go ahead and kill this dude."

The assailants allowed Dillard to rise. Redmond said, "I might as well go ahead and kill you." He grabbed Dillard's arm and led him down the street "a long way, about twenty yards or more," continuing to say he ought to kill him. At this point, Redmond saw a pager on Dillard's hip and demanded it. When he snatched the pager, they "got separated" and Dillard escaped.

Dillard identified Redmond as the person who robbed and abducted him. He testified that he saw Redmond in the light of a streetlight and recognized him because the two had played junior varsity football together.

At the conclusion of the Commonwealth's evidence, Redmond moved to strike the abduction charge, arguing that the identification was unreliable and that the abduction was not an

-

act separate from the robbery. The trial court denied the motion.

Redmond denied committing the crimes. He renewed his motion to strike, and the trial court again denied the motion. The jury found Redmond guilty of robbery and abduction and sentenced him to seven years imprisonment.

## II.  ABDUCTION AND ROBBERY

A defendant may be convicted and receive separate punishments for abduction and another crime involving restraint "both growing out of a continuing course of conduct . . . when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime."  Brown v. Commonwealth, 230 Va. 310, 314, 337 S.E.2d 711, 713-14 (1985).

The jury's finding of an abduction separate and apart from the robbery is not plainly wrong and is supported by the evidence.  Redmond ordered Dillard to the ground and removed his jacket and wallet.  At this point, the robbery was complete. Redmond then grabbed Dillard's arm and led him twenty yards down the street, stating his intention to kill him.  This act was not inherent in or necessary to the robbery.  It was an act separate and apart from the completed robbery.  The theft of the pager was a subsequent event, resulting from Redmond's observation of the pager after the abduction.  The abduction was not for the

-

purpose of discovering the pager or facilitating its theft.  It was not incident to that theft.

We affirm the judgment of the trial court.

<u>Affirmed.</u>